Eleazar ORTIZ, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (Raul Rodriguez d/b/a Rodriguez General Contractors and Uninsured Employer's Guaranty Fund), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 5, 2012.

Decided Jan. 15, 2013.

Marc J. Reiter, Pittsburgh, for petitioner.

Carl J. Smith, Jr., Pittsburgh, for respondent Uninsured Employers Guaranty Fund.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge, and COVEY, Judge.

OPINION BY Judge LEAVITT.

Eleazar Ortiz (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) suspending his disability benefits. In doing so, the Board reversed the decision of the Workers' Compensation Judge (WCJ) that Claimant remained eligible for benefits because his medical condition had not improved. The Board held that it was Claimant's status as an unauthorized alien, not his injury, that caused his loss of earning power. We affirm.

On June 16, 2007, Claimant suffered a work injury when he fell from a ladder while working for Rodriguez General Contractors (Employer). Claimant suffered a serious fracture to his leg and ankle. Claimant sought workers' compensation. Because Employer did not have a workers' compensation insurance policy in place, Claimant presented his claim to the Pennsylvania Uninsured Employers Guaranty Fund (Guaranty Fund). The Guaranty Fund denied liability. The WCJ conducted a hearing and on December 1, 2008, awarded Claimant total disability from the date of injury through November 2007. By that time, Claimant's physician had released him for part-time work, and he was working four to five hours per day. Accordingly, the WCJ awarded Claimant partial disability benefits after November 2007. Claimant presented no evidence that he was authorized to work in the United States. Employer did not appeal.

On September 28, 2009, Employer filed a suspension petition alleging that Claim-

ant was not authorized to work in the United States and that Claimant had returned to work. In his answer, Claimant admitted that he was not authorized to work in the United States, but he contended that he was entitled to benefits because his medical condition had not improved. The matter was assigned to the same WCJ who had decided Claimant's claim petition.

At the hearing, Claimant, with the aid of an interpreter, testified that since November 2007 he has been working for Rossi Farms trimming blueberry bushes and grapevines. Claimant testified that he works approximately 18–20 hours per week, with his doctor's permission. Employer's only evidence was the WCJ's prior decision. Employer presented no new medical evidence to show a change in Claimant's condition after November 2007.

The WCJ found, on the basis of Claimant's admission, that Claimant was not authorized to work in the United States. The WCJ also found that Claimant's medical condition had not changed since November 2007. Concluding that Employer was required to prove a change in Claimant's medical condition, and had not done so, the WCJ denied the suspension petition.

Employer appealed, and the Board reversed. The Board held that Claimant was not entitled to disability benefits after November 2007. The Board reasoned that Employer had demonstrated a change in Claimant's medical condition by virtue of his work for Rossi Farms, which established Claimant was no longer totally disabled. Once he was able to work, physically, he was no longer eligible for any disability benefits. At that point, it was Claimant's immigration status, not his residual injury that was responsible for his loss of earning power. In reaching its conclusion, the Board relied upon *Reinforced Earth Company v. Workers' Compensation Appeal Board (Astudillo)*, 570

Pa. 464, 810 A.2d 99 (2002).[1] The Board also relied upon this Court's holding in *Mora v. Workers' Compensation Appeal Board (DDP Contracting Co., Inc.)*, 845 A.2d 950 (Pa.Cmwlth.2004), which the principles established in *Reinforced Earth*, i.e., that an undocumented alien worker is eligible for total disability but not for partial disability. Claimant now petitions for this Court's review.[2]

On appeal, Claimant argues that benefits cannot be suspended solely on the basis that he is not authorized to work in the United States. He contends that there must also be proof of a change in condition.[3]

▇▇▇ A claimant's status as an undocumented alien worker does not preclude him from receiving total disability benefits under the Workers' Compensation Act (Act).[4] *Reinforced Earth*, 570 Pa. at 476, 810 A.2d at 106. In a suspension proceeding, the employer must demonstrate: (1)

---

1. *Reinforced Earth* was an opinion announcing the judgment of the Court. The lead opinion, joined in by three justices, held that where a claimant, who is not authorized to work in the United States, is totally disabled by a work injury, he is entitled to total disability compensation from his employer. The lead opinion also held that in a suspension or modification proceeding, the employer did not have to show job availability where the claimant, an illegal alien, could not legally accept any light-duty job shown to be available.

   Writing for two concurring justices, Justice Nigro disagreed with the lead opinion's observation that the Commonwealth Court should not have addressed Reinforced Earth's argument that there should be a judicially imposed public policy exception to the grant of workers' compensation benefits to an unauthorized worker. Commonwealth Court rejected Reinforced Earth's argument for the reason that the public policy was not clear. This Court explained that disallowing any disability compensation to an unauthorized worker might "subvert any public policy against illegal immigration because employers may actively seek out illegal aliens rather than citizens or legal residents because they will not be forced to ... absorb the costs of [the illegal aliens'] work-related injuries." *Reinforced Earth Company v. Workers' Compensation Appeal Board (Astudillo)*, 749 A.2d 1036, 1039 (Pa.Cmwlth.2000). With respect to this analysis, Justice Nigro wrote:

   Unlike the majority, however, I believe that the Commonwealth Court properly addressed and considered Reinforced Earth's argument that the court should create a rule barring illegal aliens from receiving benefits based on a public policy against illegal immigration.

   *Reinforced Earth*, 570 Pa. at 481, 810 A.2d at 109 (Nigro, J., concurring).

   Writing for the two dissenting justices, Justice Newman also believed it was correct for the Commonwealth Court to consider Reinforced Earth's public policy argument but, unlike the lead and concurring opinions, would have recognized the exception. Justice Newman wrote:

   I do not believe that the Pennsylvania General Assembly intended the absurd result of supplying social welfare benefits in the form of a wage and employment benefit to one whom federal law says could not lawfully obtain those wages and benefits in the first place.

   *Id.* at 485, 810 A.2d at 111 (Newman, J., dissenting).

2. Our review of an order of the Board is limited to determining whether the constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Thomas Lindstrom Co., Inc. v. Workers' Compensation Appeal Board (Braun)*, 992 A.2d 961, 967 n. 7 (Pa.Cmwlth.2010).

3. Claimant further argues that there has been no change in his condition because Claimant was working part-time for Rossi Farms when the WCJ granted his claim petition for total disability from June to November 2007, and partial disability thereafter. This argument is irrelevant to the analysis of a suspension petition; such a contention might be relevant if Claimant argued that Employer's petition was barred by *res judicata*. Since Claimant has not raised *res judicata*, that issue is waived.

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708.

evidence of a change in medical condition and (2) evidence that there is an available job the claimant is capable of performing that would pay wages equal to or greater than his pre-injury wage. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987).[5] However, an employer seeking to suspend the disability benefits of a claimant who is an unauthorized alien is not required to show job availability. *Reinforced Earth*, 570 Pa. at 479–80, 810 A.2d at 108. In that situation, the employer need only demonstrate that the claimant is an unauthorized alien and that the claimant is no longer totally disabled. *Mora*, 845 A.2d at 954.

In granting a suspension, the Board relied upon this Court's holding in *Mora*. There, the claimant worked as a roofer making approximately $800 per week. He was injured at work when he fell from a ladder and filed a claim petition. Thereafter, the claimant found part-time work cleaning offices, for which he earned $140 per week. At the hearing, employer presented medical testimony that the claimant could work with minimal restrictions. The WCJ found the doctor's testimony credible. This Court held that the claimant was not entitled to benefits because his work injury was no longer the cause of his wage loss. Rather, it was his status as an unauthorized alien that prevented him from legally working.

In this case, as in *Mora*, Employer proved that Claimant's loss of earning power was caused by his immigration status once his medical condition improved enough to allow him to work part-time, which happened in November of 2007. To suspend weekly wage benefits of an unauthorized alien, an employer need only demonstrate that a claimant's medical condition has improved enough to work at some job, even one with restrictions. In *Mora*, the Claimant, an unauthorized alien, was medically cleared to work with some restrictions and found part-time work. Here, Claimant, who is not authorized to work in the United States, has been cleared to work with restrictions and does work part-time at Rossi Farm.[6] As in *Mora*, Claimant's loss of earning power is now due to his status as an unauthorized alien, not his work injury.

For all of the foregoing reasons, the order of the Board is affirmed.

### *ORDER*

AND NOW, this 15th day of January, 2013, the order of the Workers' Compensation Appeal Board dated February 29, 2012, in the above-captioned matter is hereby AFFIRMED.

---

5. The employer could also show job availability through a labor market survey unless the claimant was injured prior to the June 1996 statutory amendment adding this option to the Act. *City of Pittsburgh and UPMC Benefit Management Services, Inc. v. Workers' Compensation Appeal Board (Marinack)*, 37 A.3d 39, 43 (Pa.Cmwlth.2012).

6. Claimant's current immigration status is not of record. He admitted in response to Employer's 2009 suspension petition that he did not have authorization to work. In his brief to this Court, however, Claimant asserts that as of January 2012 he has authorization to work in the United States.